UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KATHY BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CASE NO. 3:10-cv-316-TFM |
| ) | |
| TANNER MEDICAL CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. 28-30, filed May 3, 2010) and 28 U.S.C. § 636(c). Pending before the Court are Defendants' *Notice of Removal* (Doc. 1, filed April 13, 2010) and Plaintiff's *Motion to Remand* (Doc. 12, filed April 26, 2010). Also pending are *Plaintiff's Motion to Strike Supplemental and Amended Notice of Removal and Supplemental and Amended Consent to Removal* (Doc. 22, filed April 28, 2010) and *Plaintiff's Motion to Strike Tanner's* Second *Supplemental and Amended Notice of Removal* (Doc. 40, filed July 23, 2010). Upon consideration of the motion to remand and the arguments of the parties, the court concludes that the motion to remand is due to be granted. The motions to strike are denied as moot.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of Plaintiff Kathy Brown's complaint filed on January 11, 2010 in the Circuit Court of Randolph County, Alabama. The complaint alleges negligence and

wantonness against the Defendants. *See* Doc. 1, Complaint. Specifically, Brown asserts a claim for personal injuries sustained as a result of a sliding glass door abruptly swinging open and striking her in the head. *Id*. Brown's complaint seeks an unspecified amount of special, general, and punitive damages as well as judgment consistent with the verdict. *Id*.

On March 15, 2010, Brown filed her responses to Defendant Tanner Medical Center, Inc.'s First Request for Admissions and Responses to Defendant Air Method's First Request for Admissions. On April 13, 2010, Tanner Medical Center, Inc. ("Tanner") filed a Notice of Removal. *See* Doc. 1, Notice of Removal. The Notice of Removal was timely filed as it was within 30 days of Brown's discovery responses which Tanner avers establishes that the amount in controversy of this case exceeds the $75,000.00 jurisdictional amount required. The remaining defendant, Air Methods Corporation ("Air Methods"), consented to the removal of the action. *See* Doc. 3.

On April 26, 2010, Brown filed her motion to remand asserting two reasons for remand. *See* Doc. 12. First, Tanner did not cite to 28 U.S.C. § 1332(a) for diversity jurisdiction, but instead cited to 28 U.S.C. § 1369 which relates to multi-party, multi-forum jurisdiction. *Id*. Second, Brown contends the amount in controversy does not exceed the $75,000.00 as required by the statute. *Id*.

Tanner asserts that Brown's refusal to admit that the amount in controversy does not exceed $75,000.00 constitutes evidence that "the actual amount in controversy clearly exceeds $75,000.00. *See* Doc. 25 at p. 8. In a variety of ways, Defendants asked Plaintiff to admit/deny the amount in controversy. As to each request, Brown responded as follows:

> Mrs. Brown's care is ongoing. Her medical expenses, to date, are significantly less than $75,000, but her care is not complete. Further, she is being treated for continuing pain and a brain injury that is currently manifesting symptoms. There is no way to know at this point if, when or how her pain and the symptoms of her brain injury will resolve. If they resolve quickly and completely, she would certainly ask the jury for $75,000 or less. If they persist, she would certainly ask the jury for significantly more than $75,000. Therefore, there is no way at this time to specifically admit or deny the request for admission.

*See* Doc. 1, Plaintiff's Responses to First Request for Admissions. Air Method joins in Tanner's response to the motion to remand. *See* Doc. 27. Brown argues this does not establish that the amount in controversy exceeds $75,000 and cannot be used as a basis to support diversity jurisdiction. *See* Doc. 12 at p. 9. On July 21, 2010, the Court held a hearing on the matter. The motion to remand has now been fully briefed and is ripe for this Court's review.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S.Ct. 1712, 1720, 135 L.Ed.2d 1 (1996). However, federal courts are courts of limited jurisdiction and possesses only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). Defendants, as the parties removing this action, have the burden to establish federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand.

*Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).

### III. DISCUSSION AND ANALYSIS

The Court first notes that removal under 28 U.S.C. § 1446(b) falls in one of three categories. If a defendant relies upon the complaint itself to establish the federal jurisdictional requirements, the removal is governed by the first paragraph of § 1446(b).[1] Conversely, if removability is not apparent from the initial pleading, but is later ascertainable that the case "is or has become removable" removal is governed by the second paragraph of § 1446(b).[2] The paragraph two cases are further divided. "The first type of a second-paragraph case (Type 1) is one that initially could have been removed had the parties possessed the relevant jurisdictional information, but, because the removability was not initially ascertainable, the defendant could not carry its jurisdictional burden until a later time." *See Roe v. Michelin North America, Inc.*, — F.3d —, — n. 4, 2010 WL 3033802 (11th Cir. Aug. 5, 2010); *accord Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 (11th

---

[1] 28 U.S.C. § 1446(b) paragraph one states: The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

[2] 28 U.S.C. § 1446(b) paragraph two states: If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Cir. 2007). "The second type of second-paragraph case (Type 2) is one that originally could *not* have been removed because it initially did not satisfy the federal jurisdictional requirements, but that later *becomes* removable because the nature of the dispute changes." *Id*. (emphasis in original). The instant suit involves a Type 1 second paragraph removal as Defendants removed the case on April 13, 2010 – approximately 3 months after Brown's initial pleading in state court - based on Plaintiff's discovery responses. *See* Doc. 1 generally.

As this is a second-paragraph Type 1 case, the case is still governed by the analysis outlined in *Lowery*, 483 F.3d 1184. The *Lowery* court provided that "in assessing the propriety of removal, the court considers the documents received by the defendant from the plaintiff - be it the initial complaint or a later received paper - and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Id*. at 1213. "Other paper" may include discovery responses. *Id*. at 1213, n. 62 (citing cases).

Similar to *Lowery*, the state court complaint seeks an unspecified amount of damages, so the Court finds that the responses to the request for admissions constitute "other paper" which the Court may properly consider to determine the amount-in-controversy in this case. Thus, the responses must "unambiguously" and "clearly establish federal jurisdiction." *Id*. at 1213 n. 63. The situation at hand is much like the one recently presented in *Jackson v. Litton Loan Servicing, LP*, Civ. Act. No. 3:09-cv-1165-MEF, 2010 WL 3168117 (M.D. Ala. Aug. 10, 2010). Like *Jackson*, Plaintiff's failure to stipulate to an amount has little if any probative value for determining the amount in controversy. The responses were valid

because they set forth the reasons why Plaintiff could not admit or deny the requests. *Id*. at *6 (citing Ala. R. Civ. P. 36(a)). Moreover, a refusal to stipulate to an amount in controversy in a discovery response does not result in an admission regarding the amount in controversy. *Id*. (citing *Harmon v. Wal-Mart Stores, Inc.*, 2009 WL 707403 at *4 (M.D. Ala. 2009)). Thus, the response to the requests for admissions does nothing to establish the second requirement of diversity jurisdiction - i.e. the amount in controversy exceeds $75,000.

The Court is now presented with the issue of whether the amount in controversy is facially apparent from the nature of complaint. Recently, the Eleventh Circuit discussed this issue in *Roe*, — F.3d —, 2010 WL 3033802. In the context of a § 1446 paragraph one removal, the Court held that "a district court need not suspend reality or shelve common sense in determining whether the fact of a complaint establishes the jurisdictional amount." *Roe*, — F.3d at —, 2010 WL 3033802 at *2 (citations and internal modifications omitted). Moreover, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets the federal jurisdictional requirements." *Id*. However, the *Roe* opinion itself states it only considers removal under the first paragraph of § 1446(b) and does not address the effect of *Lowery* on second-paragraph cases. *Id*. at —, 2010 WL 3033802 at n. 4. Thus, the Court turns to *Lowery* for guidance. *Lowery* provides that "the absence of factual allegations pertinent to the existence of jurisdiction is dispositive, and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Lowery*, 483 F.3d at 1214. Consequently, between *Roe* and *Lowery*, there is potential confusion as to whether the Court can use its own judgment on whether the case in

controversy requirement has been met.

Fortunately, in this particular case, it does not matter either way as Defendants have not carried their burden of proof by a preponderance of the evidence that the claims exceed the requisite jurisdictional amount of $75,000. Even using its own independent judgment, the Court cannot determine that the amount in controversy exceeds $75,000. The hearing further muddles the matter because while Defendants are adamant that a brain injury must dictate that the amount in controversy is over $75,000, Plaintiff asserts that at this time, her medical bills are significantly less than that amount. Speculation and uncertainty of this kind is exactly what *Lowery* dictates the Court should avoid and all doubts must be resolved in favor of remand. As such, the Court cannot conclude subject matter jurisdiction exists. Nevertheless, if additional facts are presented to the Court which clearly establish the amount in controversy exceeds $75,000, then the Court may entertain an additional notice of removal if it falls within the purview of 28 U.S.C. § 1446.

As the Court has already determined remand is appropriate because the case-in-controversy requirement has not been met, the Court declines to address the additional argument of whether the inadvertent error of citing 28 U.S.C. § 1369 instead of 28 U.S.C. § 1332(a) demands remand.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's *Motion to Remand* (Doc. 12) is **GRANTED**, the two motions to strike (Docs. 22 and 40) are **DENIED as moot**, and this action is **REMANDED** to the Circuit Court of Randolph County, Alabama, pursuant to

28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.  Any other pending motions are left for resolution by the Circuit Court of Randolph County, Alabama.  The Clerk is **DIRECTED** to take appropriate steps to promptly effect the remand.

    DONE this 23rd day of August, 2010.

                               /s/ Terry F. Moorer
                               TERRY F. MOORER
                               UNITED STATES MAGISTRATE JUDGE